**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene Alex RICHARDS, Defendant-Appellant.**

**No. 12879.**

United States Court of Appeals
Seventh Circuit.

June 1, 1960.

Albert Bahcall, Louis Podell, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

On January 20, 1959 the appellant was arrested on a charge of mail fraud and appeared before the United States Commissioner for the Eastern District of Wisconsin and was held for trial.

The appellant was charged with the offense of fraud by the filing of an information on February 16, 1959 in the United States District Court of the Eastern District of Wisconsin.

The information charged that on or about January 1, 1954 and continuing

until the first day of January, 1955 at Milwaukee, Wisconsin in the Eastern District of Wisconsin the defendant unlawfully devised a scheme and artifice to defraud persons interested in purchasing fishing flies and to obtain money and property by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises would be false when made.

On March 16, 1959 the appellant appeared in Court on said charge and pleaded guilty thereto. And on June 29, 1959 the Court sentenced him to a term of fifteen months in a Federal Correctional Institution from which judgment he appeals.

The issues sought to be raised are:

1. Were the proceedings of the United States Commissioner valid?

2. Was the complaint so defective as to warrant a new trial?

3. Had the Statute of Limitations barred a conviction?

■ Appellant's contention that the complaint was based on his own admissions made to the postal inspector who signed it, and it must be presumed that he was not properly warned of his rights under the fifth amendment, is overcome by the recital in the transcript of the original Record of Proceedings before the United States Commissioner. The transcript was filed pursuant to order of this Court entered following oral argument. It shows that "Defendant having been fully advised of his rights admitted the allegations of the complaint".

The complaint sets forth the essential facts constituting the charge and shows that there is probable cause to believe that an offense had been committed and that the defendant had committed it.

■ The appellant's admission of the allegations of the complaint is sufficient to constitute probable cause and to warrant the Commissioner in holding the accused without further evidence. United States v. Kallas, D.C., 272 F. 742, at page 746. The Court is of the opinion that the appellant's constitutional rights were not violated when he made his admission, as the records show that he was fully advised of his rights at that time.

■ When the appellant was arraigned and asked to plead to the information on February 16, 1959 in the District Court of the Eastern District of Wisconsin he appeared without an attorney and said he did not desire to have an attorney appointed for him. The court, as shown by the record, informed appellant of his constitutional rights and suggested that he employ an attorney. Thereupon the matter was set over to March 16, 1959 when again the court at great length explained to appellant his constitutional rights.

The court further asked the following questions and the following answers were given:

"The Court: You have been furnished a copy of the information, have you?

"The Defendant: Yes, I have.

"The Court: Have you studied it and do you understand the nature of the charges?

"The Defendant: Yes, I do, sir.

"The Court: Well, the Court will read the information. (Whereupon the Court read the information.)

"The Court: You have heard me read the charge that is made in the information that has been filed against you, have you not?

"The Defendant: Yes, I have, your honor.

"The Court: You understand the nature of that charge?

"The Defendant: I do, your honor.

"The Court: You understand it's a felony?

"The Defendant: Yes, sir."

The court then accepted the plea of guilty to the information. The cause was then continued to June 29, 1959, so that the court would have the benefit of a pre-sentence report. On June 29, 1959

the appellant was sentenced to a term of fifteen months in prison.

It appears to the court that Judge Robert E. Tehan was very careful in safeguarding appellant's rights and fully explained to him his constitutional rights and the consequences of his plea.

■ In reading the complaint appearing in the original transcript of record we find that it has all the elements necessary to constitute a legal complaint.

We do not believe that there is any merit in the contention that the complaint is defective.

The question of the Statute of Limitations was not argued orally by counsel for the appellant and from the record it is clear that the charges complained of covered a period after the law was amended making the Statute of Limitation five years rather than three.

The judgment of the District Court is affirmed.

Affirmed.